Mosely v. Wingo.

## P. B. MOSELY v. J. F. WINGO.

WILL. *Probate of.* It is not necessary that the certificate should set out in detail the testimony upon which the court acted in admitting the paper to probate as a will. It is sufficient that conclusions of law are shown in the right language.

### FROM WEAKLEY.

Appeal from the Chancery Court at Dresden. JNO. SOMERS, Ch.

H. H. BARR for complainant.

M. D. CARDWELL for defendant.

TURNEY, J., delivered the opinion of the court.

Complainant sold defendant Wingo 100 acres of a 225-acre tract of land, executing title-bond. The bill is filed to enforce the lien for the unpaid balance of purchase money.

10—VOL. 7.

Defendant answers, and claims that complainant has no good and sufficient title. He files a cross-bill, asking a rescission of the contract of purchase. He insists, first, there is nothing in the record showing how the title to the land was divested out of the heirs of James Allen, deceased.

There is parol proof to the effect that the land was sold sometime between the years 1840 and 1848, under a decree of the circuit court, under proceedings for division. It also appears that the records of the court, including these years and several years before and after, were destroyed during the war. We must presume the proceedings were regular; no defect has been pointed out.

It is next argued that Susan Ward, a daughter of David Winston (in whom was the title at the time of his death), was a *feme covert* at the death of her father and is so yet. This objection is answered by the fact that the mother of Mrs. Ward, pursuing the direction of the husband's will, gave to the daughter, in 1849, a tract of land of 200 acres, together with personal property. The will authorized the wife to give to the full extent of the share. At this length of time, in the absence of any claim for more, we will presume Mrs. Ward received from her mother her entire interest in her father's estate.

It is further insisted, "there is no sufficient probate of the will of David Winston; that it was never shown to be such last will and testament as will convey lands in Tennessee; that it is not witnessed by any one, and there is nothing in the certificate to

show that said paper writing is all in the handwriting of the deceased, or that his handwriting was generally known amongst his acquaintances, nor that said paper had been deposited with some person by David Winston as his will, nor does it show that said paper writing was found among his valuable papers after his death."

The language employed in the certificate is:

STATE OF TENNESSEE, } *September Term County Court,* 1848.
  *Weakley County.* }

This day the within and foregoing paper writing was presented in open court, and established by the evidence of Robert E. Jeter, H. G. Hester, Jeremiah W. Swain, Joseph B. M. Allen and John A. White as the last will and testament of David Winston, deceased, and the court ordered the same to be recorded.

Given under my hand at office this 4th September, 1848.

TOM H. ETHERIDGE, Clerk.

It is not necessary that the certificate should set out in detail the testimony upon which the court acted in admitting the paper to probate as a will; it is sufficient that conclusions of law are shown in the right language. Aside from this, we will presume, in a collateral attack thirty years afterwards, that everything was properly done and as the law required at the time.

The same objections are made to the will of Thomas Blount, with the additional one that it is registered in the register's office without authority of law.

This will was made in the State of North Carolina in 1808, and admitted to probate in that State in 1812, a duly authenticated copy of which, from the records in North Carolina, was registered in Weakley county of this State in 1870, as a muniment of title

to some of the lands devised thereby. As such copy, it was legitimate evidence in a deraignment of title without registration here, and we can see no effect resulting either way, from the fact of registration or the lack of it. The long acquiescence by those in interest estops all claiming under them from making objection now.

These are the only defects assigned with any definiteness. We think they are not substantial, and the decree will be affirmed.